IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MICHAEL G. WYLES and § | | |
| JUDY E. WYLES § | | |
|     Plaintiffs, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 7:15 CV 155 |
| § | | |
| CENLAR FSB; OCWEN LOAN § | | |
| SERVICING, LLC, NATIONSTAR § | | |
| MORTGAGE AND MACKIE § | | |
| WOLF, ZIENTZ & MANN, P.C. § | | |
|     Defendants. § | | |

**PLAINTIFFS MICHAEL G. WYLES AND JUDY E. WYLES' RESPONSE TO DEFENDANT MACKIE WOLF ZIENTZ & MANN'S MOTION FOR SUMMARY JUDGEMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW MICHAEL G. WYLES and JUDY E. WYLES, Plaintiffs herein and file this, their Response to Defendant Mackie, Wolf, Zientz & Mann's Motion for Summary Judgment and would respectfully show the Court as follows:

**I.**

**Procedural History**

1. The original Verified Petition was filed by Plaintiffs on April, 2 201. Defendant, Mackie, Wolf, Zientz & Mann, P.C. ("MWZM") filed its Verified Answer on April 17, 2012. On April 27, 2012, original Defendant Taylor, Bean & Whitaker Mortgage Corp. ("Taylor") filed its' Notice of Entry of Confirmation Order and Permanent Injunction, which created an automatic bankruptcy stay. On May 15, 2012, Defendant MWZM filed its Amended Answer and Verified Plea. On June 4, 2012, Defendant MWZM filed a Motion to Dismiss prior to the

1

dismissal of original Defendant Taylor, and the automatic bankruptcy stay. On June 4, 2012, the Federal District Court signed an order dismissing original Defendant Taylor, thereby lifting the stay and removing the "tolling" of all time periods. On June 6, 2012, Plaintiffs filed their response to Defendant MWZM's Motion to Dismiss and Response to its Verified Plea. On June 7, 2012, Plaintiffs filed their First Amended Verified Complaint, dropping all Defendants except for MWZM, Cenlar FSB, and Ocwen Loan Servicing, LLC. The First Amended Verified Complaint clarified any ambiguity as to the liability claims being pursued by Plaintiffs against Defendant MWZM and made it very clear that MWZM was not being sued in any capacity as a trustee, but solely as a debt collector for violations of the Texas Deceptive Trade Practices Act ("DPTA") and the Texas Finance Code. On August 12, 2012, the U.S. District Court, Western District of Texas entered its' Order of Remand and remanded this case back to State District Court that it was originally filed in. In its Order, Judge Junell finds specifically for the Plaintiffs regarding plausible claims against Defendant MWZM that are not subject to the Verified Plea, their status as Trustee, and were not subject to an attorney immunity defense.

2.     Defendant MWZM filed its second Motion to Dismiss on March 11, 2014, after this cause was remanded back to State District Court. Defendant MWZM failed to serve this motion upon Plaintiff's lead counsel. Plaintiff's counsel learned from local counsel of the Motion to Dismiss filed by Defendant on March 24, 2014, 20 days after it had been filed. Only upon communication with Defendant MWZM's attorney, Mark Cronenwett, was Plaintiff's counsel forwarded a copy of this motion. Plaintiff's counsel advised Attorney Cronenwett of these facts and discussed at length the issues contained in this motion. Attorney Cronenwett never even mentioned to Plaintiff's counsel a pending order for the Motion to Dismiss. Subsequently,

Plaintiff's counsel received, via email from another defendant in the case, the order dismissing MWZM signed March 21, 2014. Plaintiffs, in response to the Motion for Dismissal and Order, filed a Motion to Reconsider and a Motion to Vacate on April 1, 2014. After conducting a hearing, the order was granted vacating the dismissal on April 11, 2014.

3.    Plaintiffs filed their Third Amended Original Petition and pled violations of RESPA for the first time, and as a result, Defendant MWZM removed the cause back to this court and filed its Motion for Summary Judgment on October 1, 2015 based on claims already heard and answered by this court.

## II.

## Argument

4.    Defendant MWZM bases its Motion for Summary Judgment on two specific grounds. First, it asserts that the claims made by Plaintiffs are barred by the doctrine of attorney immunity. Second, it asserts that the Plaintiffs are not consumers under the DTPA; therefore, all DTPA claims should be dismissed.

5.    Defendant MWZM has filed a Motion for Summary Judgment, which mirrors previous motions filed in this case, merely to harass Plaintiffs and cause their counsel to perform additional work and waste this Court's time. It is important to note that Defendant MWZM not only represents itself and has represented Defendant Ocwen in this cause, but now represents Defendant Nationstar in this cause. Plaintiffs have requested from Defendant MWZM a note payoff amount for over 90 days, and rather than provide that required information to Plaintiffs, Defendant MWZM has removed this cause back to this Court and filed a Motion for Summary Judgment that contains nothing more than already decided issues.

### A. Doctrine of Attorney Immunity

6. Defendant MWZM misstates the facts by stating that Plaintiff's claims are based solely upon Defendants action as foreclosure counsel for Ocwen Loan Servicing. This is just not the case. Defendant MWZM goes on to claim that if these claims are not barred by this doctrine, they are barred by the statute of limitation and/or waived due to the signing of an agreed order. This is another absolute misstatement of the facts of this case, as there is no agreed order and the claims against Defendant MWZM have been on file since the Original Petition was filed.

7. Defendant MWZM relies upon an assertion of a new Texas Supreme Court Case, *Cantley Hangar, LLP v. Byrd*, in its claim that the attorney immunity doctrine prevents Plaintiff from recovery in this case. *Cantley Hangar, LLP v. Byrd,* 58 Tex. Sup. Ct. J. 1400, 2015 Tex. LEXIS 619 (Tex., June 26, 2015). This case actually supports a finding that this immunity doctrine does not apply to this matter. In *Cantley,* the Court holds than an attorney that asserts this immunity doctrine has the burden to prove that his alleged wrongful conduct is part of the discharge of his duties to his client. *Id*. Defendant's only new submission of evidence is the affidavit of Keller Mackie, which is completely silent regarding the law firm acting as a third party collection agency. Thus, as distinguished from *Cantley,* here there remains the genuine issue of material fact as to whether Defendant MWZM's conduct would amount to misconduct as a debt collector, not as foreclosure counsel. *See Chapman Children's Trust v. Porter & Hedges, L.L.P,* 32 S.W.3d 429, (Tex. App. – Houston [14th Dist.] 2000, pet. denied) (court must determine if conduct is actionable or merely undertaken in representation of its client based on the nature of the complained conduct). Further, in *Charles v. Ocwen Loan Servicing, LLC.,* where Defendant MWZM here was defendant's counsel and facing allegations similar to those

here of wrongful foreclosure and violations of TDCA, the court found Defendant MWZM actions regarding their communications to the plaintiff on the mortgage loan could qualify them as debt collectors. *See Charles v. Ocwen Loan Servicing, LLC*, Civil Action No. H-11-4115, 2012 U.S. DIST. LEXIS 34962 (S.D. Tex., March 15, 2012) (mem. op.).

8. Plaintiffs in their Third Amended Original Petition, as well as all preceding petitions or complaints, are merely asserting Defendant MWZM violated the Texas Finance Code. Plaintiffs specifically plead such in Paragraph 44 of Plaintiffs Third Amended Original Petition. *See* Plaintiffs Third Amended Original Petition. More importantly, this specific claim was already litigated and decided in the original removal and Order of Remand decided by Honorable Judge Robert Junell. *See* Order Granting Plaintiff Motion to Remand. His Honor, Robert Junell, specifically found that there was a sufficient question of fact for a jury to decide regarding whether Defendant MWZM is acting more than just foreclosure counsel. Where there is an issue of material fact that potentially affects the outcome of the action, summary judgment cannot be granted if the evidence would allow a reasonable jury to return favorably for the non-movant. *Hunt v. Rapides Healthcare System, LLC,* 277 F.3d 757, 762 (5th Cir. 2001). The Court in deciding the Motion to Remand used a Rule 12(b) type analysis in deciding the specific questions being re-urged now.

9. It is clear from the affidavits and collection letters attached hereto and previously asserted in support of the original Motion to Remand, that Defendant MWZM acts as an independent collections company operating in a capacity "foreign to their duties" as foreclosure counsel and is now trying to hide behind their law licenses when they act outside fair collection practices. *Alpert v. Crain, Caton & James, P.C.,* 178 S.W.3d 398, at 406 (Tex. App. – Houston

[1st Dist.] 2005, pet. denied) (citing *Likover v. Sunflower Terrace II, Ltd.,* 696 S.W.2d 468, 472 (TEx. App. – Houston [1st Dist.] 1985, no writ)).  Attached hereto are the affidavits attached to the previous pleadings filed by Plaintiffs, the Opinion written by Honorable Judge Robert Junell, and the letters and correspondence received by Plaintiffs from Defendant MWZM, which specifically advise Plaintiffs that Defendant MWZM is acting as a debt collector and Plaintiffs incorporate these exhibits as well as all documents in the courts file into this Response as if the same were fully set out herein..  The only new evidence that Defendant MWZM has added to the record, that did not exist at the time this issue was previously decided, is an affidavit of Keller Mackie. It states their firm was hired by Ocwen to handle the foreclosure of the property in question and that their firm handled the posting of the foreclosure notice. The affidavit is silent in response to all of the previously filed evidence that shows Defendant MWZM is acting more than just foreclosure attorney or attorney in any capacity. It is silent to all of the previously filed evidence of Defendant MWZM acting as a collection company, threatening and attempting to collect an invalid and unsubstantiated debt. Therefore, the determination of Judge Junell in his Order granting the Motion to Remand that there exists a fact question regarding whether Defendant MWZM acted outside their duties as foreclosure counsel, remains adjudicated as just that - a material fact issue.

### B.  DTPA

10.     The Texas Finance Code specifically states that any violation of the Fair Debt Collection Act is a violation of the Deceptive Trade Practices Act ("DTPA"). TEX. FIN. CODE ANN. § 392.404(a) (Vernon 2006).  The Texas Legislature clearly intended to make anyone who suffers from an unfair collection activity, a consumer as defined by the DTPA. *See* Tex. Bus. &

Com. Code Ann. § 17.45(4); 15 U.S.C. §§ 1692 et seq. The legislature knew that any person who is being mistreated by a collection company never actually travelled to that collection company to purchase a good or service. *See* 15 U.S.C. § 1692(a). Rather, the collection company has availed themselves upon the consumer by trying to collect a debt for a third party and that collection company, as a result of the Texas Finance Code and Fair Debt Collection Act, is liable under the DTPA. Defendant MWZM clearly failed to understand the Texas Legislature and the Texas Finance Code.

### C. Past Conduct

11. Plaintiffs must also refer this Court to the history of Defendant MWZM's actions in this cause. Defendant MWZM filed its first Motion to Dismiss on or about June 4, 2012, in Judge Junell's court. Their first Motion to Dismiss contained allegations that Plaintiffs failed to respond to their verified please and as such, it was entitled to dismissal. After requiring Plaintiffs to respond to such motion, Defendant MWZM hired outside counsel and same called Plaintiff's counsel asking for an agreement to withdraw the motion. Plaintiff's counsel agreed to such withdrawal as a courtesy to the new counsel. Defendant MWZM then appeared back in the case. After this cause was remanded back to the State Court, Defendant MWZM filed another Motion to Dismiss and failed to serve the motion upon Plaintiff's counsel and then failed to advise Plaintiff's counsel of a pending order. After receiving an order dismissing the claims against Defendant MWZM, said Defendant failed to provide a copy of the order to Plaintiffs.

12. Plaintiffs were again required to endure more legal work in the preparation of a Motion to Reconsider and Motion to Vacate. After conducting a hearing on the matter, the Honorable Judge Denn Whalen, entered an order vacating the previous dismissal. Now

Defendant MWZM continues to require Plaintiffs to respond to claims and allegations that have already been answered and heard by filling this Motion for Summary Judgment, requiring Plaintiffs to recreate responsive pleadings that are already in the court's file.

### III.

### Conclusion

13. Defendant MWZM is not entitled to Summary Judgment on their claims of attorney immunity nor under the Texas Finance Code as a tie-in statute to DTPA because the Plaintiffs have shown and it has been held that an issue exists regarding the liability of Defendants MWZM as a result of their actions as a debt collector. All previously filed evidence and evidence attached hereto generates a sufficient question of fact for the jury to decide that Defendant MWZM held themselves out as collectors on the mortgage loan and acted to collect on this false debt.

### Prayer

14. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that:

    a.    the Court Deny Defendants Mackie, Wolf, Zientz & Mann's Motion for Summary Judgment;

    b.    the Court grant Plaintiffs such other and further relief, at law or in equity, to which they may be justly entitled.

```
                                        HENDERSON LAW FIRM
                                        JOHN M. HENDERSON
                                        STATE BAR NO. 00789359
                                        9100 IH10 West, Suite 200
                                        San Antonio, Texas  78230
                                        (210) 877-2667 – office
                                        (210) 732-4575 – fax

                                By:     /s/ John M. Henderson
                                        John M. Henderson
                                        State Bar No. 00789359
```

## Certificate of Conference

No certificate of Conference is required as this is a responsive pleading.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of Plaintiffs Response to Defendant Mackie Wolf Zientz & Mann's Motion for Summary Judgment has been served upon all counsel of record via electronic filing, or other means, pursuant to the Federal Rules of Civil Procedure on October 16, 2015:

Michael W. Zientz
John M. Lynch
Mark Cronnenwett
Pacific Center 1, Suite 660
14180 North Dallas Parkway
Dallas, Texas  75254
(214) 635-2650
(214) 635-2686 (Facsimile)
*Attorneys for Defendants Mackie Wolf Zientz & Mann, P.C.*
*And Nationstar Mortgage*

Cody Peterson
1301 McKinney Street, Suite 3700
Houston, Texas  77010
(713) 650-9700
(713) 650-9701 (Facsimile)
*Attorneys for Defendant Ocwen Loan Servicing, LLC*

Hughes Watters Askanase, LLP
Ed Harrell
Cheryl Worley
Three Allen Center
333 Clay 29th Floor
Houston, Tx  77002
*Attorneys for Defendant Cenlar FSB*

             */s/ John M. Henderson*
             John M. Henderson

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MICHAEL G. WYLES and | § | |
| JUDY E. WYLES | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:15 CV 155 |
| | § | |
| CENLAR FSB; OCWEN LOAN | § | |
| SERVICING, LLC AND MACKIE | § | |
| WOLF, ZIENTZ & MANN, P.C. | § | |
|     Defendants. | § | |

## ORDER

      On this the ____ day of _____ 2015, came on to be heard, Defendant Mackie, Wolf, Zientz and Mann, P.C.'s Motion for Summary Judgment and this Court finding that same should be DENIED.

      Now, therefore, Defendant Mackie, Wolf, Zientz and Mann, P.C.'s Motion for Summary Judgment is hereby DENIED.

Signed and entered this the _____ day of _____, 2015.

                                                                                                                               _____
                                                                                                            United States District Judge