THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| MICHAEL G. WYLES and JUDY E. WYLES, | § § § § | 7-15-CV-0155-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| CENLAR FSB, | § § § | |
| Defendant. | § | |

ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

Before the Court is a Motion by John M. Henderson, Esq., counsel for Plaintiffs Michael G. Wyles and Judy E. Wyles (collectively, "Plaintiffs") (Dkt. # 28.) The motion requests leave to withdraw as counsel for Plaintiffs, and requests a 30-day extension of all scheduling order deadlines (Dkt. # 20). Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing.

BACKGROUND

Plaintiffs retained Henderson to represent them in a claim against Ocwen; prior to filing the instant suit, Henderson has represented Plaintiffs in this matter for four years. (Dkt. # 28 ¶ 2.) With Plaintiffs' consent, Henderson recently negotiated a settlement with Ocwen in accordance with Plaintiffs'

1

objectives.  (Id.)  However, Plaintiffs ceased communicating with Henderson at the conclusion of the negotiations, and have refused to take the agreed-upon steps towards settlement or sign the settlement documents.  (Id.)  Henderson has indicated to the Court that he is unable to prosecute the matter due to Plaintiffs' refusal to communicate with him.  (Id. ¶¶ 2–3.)

## LEGAL STANDARD

"Attorneys are normally expected to work through the completion of a case."  Fed. Trade Comm'n v. Intellipay, Inc., 828 F. Supp. 33, 33 (S.D. Tex. 1993).  However, the district court has the discretion to grant an attorney leave to "withdraw from representation" upon "a showing of good cause and reasonable notice to the client."  Matter of Wynn, 889 F.2d 644, 646 (5th Cir. 1989).  The attorney seeking to withdraw from representation "bears the burden of proving the existence of good cause for withdrawal."  Hernandez v. Aleman Constr., No. 3:10–CV–2229, 2014 WL 1794833, at *1 (N.D. Tex. May 4, 2014).  Good cause must be corroborated by evidence in the record.  See Fed Trade Comm'n 828 F. Supp. at 34; see also Hernandez, 2014 WL 1794833, at *1 ("In the proper exercise of its discretion, the district court must insure that it is aware of the reasons behind the request for withdrawal" (quoting United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993)).

The Local Rules for the Western District of Texas specify an additional requirement which must be met before an attorney may withdraw from representation: where "the successor attorney is not known," the attorney seeking to withdraw must provide the court with her client's name, address, and telephone number, as well as the client's signature "or a detailed explanation why the client's signature could not be obtained after due diligence."  W.D. Tex. Civ. R. AT-3.

ANALYSIS

Based upon Henderson's representations to the Court, it is apparent that continued attempts to represent Plaintiffs would be futile.  (Dkt. # 28 ¶¶ 1– 4.)  It appears that Plaintiffs have placed Henderson in a compromised professional and ethical position both by choosing not to follow through with the negotiated settlement agreement, and by refusing to communicate with him.  (Id. ¶¶ 2, 7.)  Accordingly, Henderson has demonstrated good cause as to why he should be permitted to withdraw from his representation of Plaintiffs.

Henderson has informed Plaintiffs of his intent to withdraw as counsel and sought their signatures pursuant to Local Rule AT-3.  (Dkt. # 28 ¶ 5.)  Henderson states that Plaintiffs have refused to sign the motion, and there is no indication that he will be able to attain Plaintiffs' signatures with any additional amount of time or effort.  (Id.)  Accordingly, Henderson has adequately explained Plaintiffs' failure to sign, pursuant to the Local Rules.  Henderson is not aware that

3

Plaintiffs have obtained new representation, and provided the Court with Plaintiffs' address and phone number, pursuant to the Local Rules.  (Id. ¶ 6.)  Accordingly, this Court finds that Henderson has sufficiently complied with the Local Rules.

Plaintiffs are granted a thirty-day (30) extension of all pending deadlines, pursuant to this Court's scheduling order (Dkt. # 20), to allow them to retain new counsel, should they choose.  The hearing currently scheduled for April 20, 2016, is hereby **CANCELLED** unless Plaintiffs file a notice to the Court by 9:00 AM on April 18, 2016, indicating that they have obtained new counsel to represent them during the hearing.

## CONCLUSION

For the foregoing reasons, Henderson's Motion to Withdraw as Counsel is **GRANTED**.  (Dkt. # 28.)  Further, Henderson's Motion to Extend scheduling order deadlines by thirty (30) days is **GRANTED**.  (Dkt. # 28.)

**IT IS SO ORDERED.**

**DATED:** Midland, Texas, April 5, 2016.

_____
David Alan Ezra
Senior United States Distict Judge