THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| MICHAEL G. WYLES | § | 7-15-CV-155-DAE |
| and JUDY E. WYLES, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| CENLAR FSB; OCWEN LOAN | § | |
| SERVCING, LLC; NATIONSTAR | § | |
| MORTGAGE, LLC. | § | |
| | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING MOTION TO ENFORCE
SETTLEMENT AGREEMENT

Before the Court is a Motion to Enforce Settlement Agreement, a Motion for Attorneys' Fees, and a Motion to Dismiss filed by Defendant Ocwen Loan Servicing, LLC ("Ocwen") (Dkt. # 33).  Plaintiffs Michael G. Wyles and Judy E. Wyles ("Plaintiffs") did not file a response.[1]  Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing.

BACKGROUND

Plaintiffs originally filed suit against various defendants, including Ocwen, in the 70th Judicial District Court of Ector County, Texas, in 2012, raising

---

[1] Plaintiffs are currently acting pro se; the Court advised them that their deadline to file a response was April 22, 2016.  (Dkt. # 40.)

various claims arising from alleged wrongful foreclosure acts taken by Ocwen and others.  (Dkt. # 1, Ex. B-1.)  On September 18, 2015, Plaintiffs filed a Third Amended Petition against Defendants, stating a claim under the Real Estate Settlement Procedures Act, codified at 12 U.S.C. § 2605, et seq.  (Dkt. # 4, Ex. B-60.)  Defendants timely removed to federal court, invoking the Court's federal question jurisdiction.  (Dkt. # 1.)

On January 25, 2016, Ocwen made a written settlement offer to Plaintiffs, whereby it agreed to pay Plaintiffs a sum of money in exchange for three actions by Plaintiffs: (1) execution of Ocwen's standard settlement agreement; (2) Plaintiffs' release of all claims against Ocwen; and (3) dismissal with prejudice of all claims against Ocwen.  ("Ocwen Settlement," Dkt. # 37, at 1–2.)  The settlement offer did not involve any of the claims against any other Defendant in the lawsuit.  (Id. at 2.)

Plaintiffs' acceptance of the settlement offer was due by 5:00 pm on February 1, 2016.  (Id.)  On January 28, 2016, Ocwen extended Plaintiff's deadline to accept the settlement offer to February 3, 2016; on February 1, 2016, Ocwen again extended the deadline to February 5, 2016.  (Id. at 4.)  On February 5, 2016, John M. Henderson, then-attorney for Plaintiffs, signed and approved the settlement offer on behalf of his clients.

2

Counsel for Ocwen sent Mr. Henderson their Settlement and Release Agreement and dismissal documents on February 24, 2016.  (Dkt. # 33 ¶ 3.)  On March 4, 2016, Plaintiffs moved for an extension of pre-trial deadlines, indicating to the Court that they had "entered a settlement agreement . . . dismissing Plaintiffs' claims against Defendant Ocwen for valuable consideration."  (Dkt. # 27 ¶ 2.)  On April 1, 2016, John Henderson, former attorney for the Plaintiffs, filed a Motion to Withdraw as Attorney for Plaintiffs' refusal to comply with the terms of the settlement agreement; the Court granted the motion on April 5, 2016.  (Dkts. ## 28, 31.)

## ANALYSIS

### I.    Enforcement of the Settlement Agreement

"A settlement agreement, once entered into, cannot be repudiated by either party and will be summarily enforced."  United States v. City of New Orleans, 731 F.3d 434, 439 (5th Cir. 2013).  "Federal courts have the inherent power to enforce settlement agreements entered into by the parties."  Matter of Omni Video, Inc., 60 F.3d 230, 232 (5th Cir. 1995) (quoting White Farm Equip. Co. v. Kupcho, 792 F.2d 526, 529 (5th Cir. 1986)).  The validity of a settlement agreement "is determined by reference to state substantive law governing contracts generally."  Kupcho, 792 F.3d at 529.

The settlement agreement at issue here was entered into in Texas, and Texas law applies when determining the validity of the agreement.  See Omni Video, 60 F.3d at 232.  In Texas, "[s]ettlement agreements are governed by the law of contracts."  Schriver v. Tex. Dept. of Transp., 293 S.W.3d 846, 851 (Tex. App. 2009).  A valid contract contains five elements: "(1) an offer; (2) acceptance; (3) meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding."  Cessna Aircraft Co. v. Aircraft Network, L.L.C., 213 S.W.3d 455, 465 (Tex. App. 2006).

Here, it is clear that there was an offer by Ocwen, and this offer was timely accepted by Mr. Henderson on Plaintiffs' behalf.  (Ocwen Settlement.) Where an agreement's essential terms are in writing, a "meeting of the minds" has occurred.  David J. Sacks, P.C. v. Haden, 26 S.W.3d 447, 450 (Tex. 2008). Here, it is clear that there was offer, acceptance, and a "meeting of the minds"; these elements were memorialized in the signed writing before the Court.  In the context of settlement, the fourth element of contract formation is satisfied if the parties "agree to the essential terms of the contract[:] . . . the amount of compensation and the liability to be released."  Disney v. Gollan, 233 S.W.3d 591, 595 (Tex. App. 2007).  This fourth element of contract formation is satisfied here: Ocwen was obligated by the agreement to pay $10,000 to Plaintiffs.  (Ocwen Settlement ¶ 1.)  In exchange for such compensation, Plaintiffs agreed to release all

4

claims relating in any way to the property and mortgage at issue, and dismiss their claims with prejudice in the instant suit, against Ocwen.  (Id. ¶¶ 2–4.)  The writing manifests clear consent to the essential terms of the settlement agreement.  An attorney and his clients have an agent-principal relationship; "[w]ithout any indication that . . . counsel acted outside the scope of his authority as [Plaintiffs'] attorney," counsel is "presumed to have been acting within his authority" when signing a settlement agreement on a client's behalf.  Breceda v. Whi, 187 S.W.3d 148, 153 (Tex. App. 2006) (collecting cases).  Here, the settlement agreement was signed by John Henderson, Plaintiffs' former attorney, and Kali Hyde, attorney of record for Ocwen.  (Ocwen Settlement at 2).  Plaintiffs have presented no evidence that Mr. Henderson acted outside of his authority in signing the settlement agreement.  Accordingly, the agreement was duly executed, meeting the fifth requirement for contract formation in Texas.

Finally, a valid and enforceable settlement agreement must also comply with Texas Rule of Civil Procedure 11, "which requires agreements regarding pending suits to 'be in writing, signed and filed with the papers as part of the record.'"  Padilla v. LaFrance, 907 S.W.2d 454, 457 (Tex. 1995) (quoting Tex. R. Civ. P. 11).  Here, the Settlement Agreement is in writing, was filed under seal on this Court's docket, and became part of the record before Ocwen moved to enforce the agreement.  See id. at 461 (explaining that the recording requirement of

Rule 11 is satisfied where the settlement agreement is filed with the Court before a party moves to enforce).  The February 5, 2016 Settlement Agreement before the Court satisfies the requirements for contract formation and Rule 11, and is therefore valid under Texas law.  See Kupcho, 792 F.2d at 529.

No evidence has been presented to the court to repudiate the contract's validity; accordingly, it must be enforced.  See City of New Orleans, 731 F.3d at 439.  Ocwen's motion to enforce the mediated settlement agreement is **GRANTED**.  (Dkt. # 33.)  This order serves to enforce the settlement agreement.  Ocwen is **DISMISSED** from this case **WITH PREJUDICE**.  Ocwen is **DIRECTED** to deposit the agreed-upon consideration amount with the Court registry.  Plaintiffs must apply to the Court for an order of release of said funds, pursuant to the agreement.

II.  Attorney's Fees

Because the motion to enforce the settlement agreement was brought under Texas law, "Texas law may control the award of fees."  Kucel v. Walter E. Heller & Co., 813 F.2d 67, 73 (5th Cir. 1987).  In Texas, "the party seeking to recover attorneys' fees carries the burden of proof."  Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991).  When awarding attorneys' fees, a court "may award those fees that are 'reasonable and necessary' for the prosecution of the suit."  Id.  However, "attorney fees can be awarded only for necessary legal

6

services rendered in connection with the claims for which recovery is authorized." Green Tree Acceptance, Inc. v. Pierce, 768 S.W.2d 416, 425 (Tex. App. 1989).

Defendant has failed to provide any statutory support for his request for attorneys' fees with regard to enforcement of the mediated settlement agreement. Likewise, Defendant has failed to meet its burden of proof regarding the amount and reasonableness of the attorneys' fees requested. Accordingly, defendant's request for attorney fees is **DENIED WITHOUT PREJUDICE.**

<u>CONCLUSION</u>

For the reasons stated above, Ocwen's Motion to Enforce the Mediated Settlement Agreement is **GRANTED** (Dkt. # 33). All claims in this suit against Ocwen are **DISMISSED WITH PREJUDICE.** Ocwen is **directed to deposit the agreed-upon consideration amount with the Court registry within fourteen days from the date of entry of this order. Plaintiffs are directed to apply to the Court for an order of release of said funds.** Ocwen's Motion for Attorneys' Fees and Motion for Order of Dismissal are **DENIED WITHOUT PREJUDICE** (Dkt. # 33).

**IT IS SO ORDERED.**

**DATED:** Midland, Texas, April 25, 2016.

_____
David Alan Ezra
Senior United States Distict Judge

7